IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IRVIN F. WALKER,**

    **Petitioner,**

   v.                                         **Case No. 2:04-cv-519**
                                                  **JUDGE SARGUS**
**JEFFREY WOLFE,**                     **Magistrate Judge KING**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, and petitioner's request for a dismissal of his habeas corpus petition without prejudice.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **DENIED,** that plaintiff's motion to dismiss be likewise **DENIED,** that claim one be **DISMISSED** from the petition as unexhausted, and that proceedings in this action be **STAYED** pending petitioner's exhaustion of state court remedies. Petitioner must file a delayed petition for post conviction relief pursuant to O.R.C. §2953.23 within thirty (30) days, and he must advise this Court within thirty (30) days of completion of state court action regarding this claim. Petitioner is also **ORDERED** to advise this Court every thirty days of the status of state court proceedings. Failure to comply with the foregoing may result in dismissal of this action.

## I. PROCEDURAL HISTORY

According to the petition, on October 26, 2001, petitioner was convicted after a jury trial in the Lawrence County Court of Common Pleas on failure to comply with an order or signal of a police officer, in violation of O.R.C. §2921.331. He was sentenced to four years incarceration. Represented by the same counsel, petitioner filed a timely appeal of his conviction and sentence to the Fourth District Court of Appeals. On December 9, 2002, the appellate court affirmed the judgment of the trial court. No timely appeal of the appellate court's decision was ever filed; however, petitioner filed a motion for delayed appeal to the Ohio Supreme Court, and on September 10, 2003, his motion for delayed appeal was dismissed. Petitioner also filed an application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) in which he asserted, *inter alia*, the ineffective assistance of appellate counsel.[1] On May 19, 2003, the application for reopening was denied. *See* Exhibit 1 to Motion to Dismiss. On September 10, 2003, the Ohio Supreme Court dismissed petitioner's subsequent appeal.

On June 15, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied his constitutional right [to] effective assistance of trial counsel.
>
> 2. Petitioner was prejudiced by the prosecutor's misconduct.
>
> 3. Petitioner was denied [] his right to a fair trial.

---

[1] Petitioner also asserted the ineffective assistance of trial counsel; however, the state appellate court dismissed this claim as improperly brought, and directed petitioner to file a petition for post conviction relief since he had been represented by the same attorney at trial and on direct appeal. *See* Exhibit 1 to Motion to Dismiss.

>4. Petitioner was denied his right to effective appellate counsel and petitioner was denied his right to fairly present his case.

It is the position of the respondent that this action must be dismissed as unexhausted. Petitioner concedes that he has failed to exhaust state court remedies as to his claim of ineffective assistance of trial counsel, but requests that this action be dismissed without prejudice so that he may exhaust state court remedies as to this claim.

## II.  EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. §2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).  But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.  *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979).  A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In claim one, petitioner asserts the ineffective assistance of trial counsel.  This claim has never been presented properly to the state courts.  Because petitioner was represented by the same attorney at trial and on direct appeal, such claim would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21.  *See State v. Cole*, 2 Ohio St.3d 112, 114 (1982). While the time period for filing such action has expired, petitioner may still file a delayed post

conviction petition pursuant to O.R.C. §2953.23.[2]

---

[2] Pursuant to O.R.C. §2953.21,

> a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction....

*Id.* O.R.C. §2953.23 provides narrow exceptions to the time requirement for filing post conviction petitions:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

Additionally, petitioner must file a timely appeal of any adverse decision to state appellate court and to the Ohio Supreme Court. Because such remedy remains available to petitioner, the instant action is unexhausted.

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a federal district court must dismiss a habeas corpus petition containing both unexhausted and exhausted claims. *See also Pilette v. Foltz*, 824 F.2d 494 (6th Cir. 1987). However, *Rose v. Lundy, supra*, was decided before the Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of habeas corpus petitions (28 U.S.C. §2244(d)), and when a dismissal for failure to exhaust state court remedies did not pose the risk that any future habeas action would be barred by the statute of limitations.

> There is no basis to believe that today's holdings... will serve to "trap the unwary *pro se* prisoner." (BLACKMUN, J., post, at 1209.) On the contrary, our interpretation of §2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement. Those prisoners who misunderstand this requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims.

---

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code.

*Id.*

*Rose v. Lundy, supra*, 455 U.S. at 519.  Thus, *Rose v. Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), citing *Rose v. Lundy, supra*.

Although the instant action was timely filed, the time period during which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 121 S.Ct. 2120, 2124 (2001).  Therefore, should this Court dismiss the petition in its entirety rather than stay proceedings while petitioner pursues additional state court remedies in this case, the one-year statute of limitations may bar any future habeas corpus filing.

In *Duncan v. Walker, supra*, Supreme Court Justices Souter and Stevens, concurring in part and concurring in the judgment, considered this conundrum:

> [A]lthough the Court's pre-AEDPA decision in *Rose v. Lundy*, 455 U.S. 509, 522... prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.  Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C §2254(b)(2)(1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Id.*, 121 S.Ct. at 2129.

Additionally, in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held that under these circumstances,

> [a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court. [*Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001)].  To allay the concern that a petitioner might take an undue amount of time to pursue state court remedies... a brief, reasonable time limit [should be imposed]

> upon the petitioner to present claims to state courts and return to federal court exhaustion, "normally 30 days" after a stay is entered for the former, and "30 days" after state court exhaustion is completed for the latter. *Id.* at 381.

*Id.*

### III.

Based upon the foregoing, the Magistrate Judge therefore **RECOMMENDS** that the motions to dismiss filed by both the respondent and the petitioner be denied. It is **FURTHER RECOMMENDED** that petitioner's claim of ineffective assistance of trial counsel be **DISMISSED** from the petition as unexhausted, and that further proceedings in this case be **STAYED** pending petitioner's exhaustion of state court remedies. Petitioner must file a delayed petition for post conviction relief pursuant to O.R.C. §2953.23 in the state courts within thirty days, and he must advise this Court within thirty days of completion of state court action. Petitioner is also **ORDERED** to advise this Court every thirty days of the status of state court proceedings. Failure to comply with the foregoing may result in dismissal of this action.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>Sep 20, 2004</u>                              <u>     *s/Norah McCann King*     </u>
                                                                   Norah McCann King
                                                              United States Magistrate Judge